

**THE CITY OF NEW YORK**

**STEVEN BANKS**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**ALEXANDRA CORSI**
*Senior Counsel*
acorsi@law.nyc.gov
Phone:  (212) 356-3525

June 5, 2026

**By ECF**
District Judge Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:    *Maria Velazquez, et al. v City of New York et. al.,*
           25-CV-10710 (LJL)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys representing defendants City of New York and Officers Joseph Litrenta, John Falzarano, Glenn Carboni, Joel Potter and Robert Mooney in the above-referenced matter.  Defendants write to respectfully request the Court's endorsement of the proposed briefing schedule set forth below for Defendants' Rule 12 motion to dismiss the Complaint. Plaintiff's counsel, Oscar Michelen, consents to Defendants' request for a September 15, 2026 deadline to file their initial moving papers.  Plaintiff's counsel further requested that the following be included in this letter: Plaintiffs will not consent to any further extensions and Plaintiffs request 60 days to file their opposition and request that the court give the defendants 30 days to reply.  This is the parties first request for a briefing schedule for Defendants' motion to dismiss.

       By way of background, Plaintiffs Maria Velazquez, Jon-Adrian Velazquez, Jr., and Jacob Velazquez (collectively, "Plaintiffs") bring this action for the damages they purportedly suffered as a result of their son and father, Jon-Adrian Velazquez, Sr.'s 1999 murder conviction, which was ultimately vacated in 2024 after he spent 23 years incarcerated. (*See* Docket Entry No. 1.)[1] Plaintiffs assert claims under 42 U.S.C. § 1983 for, *inter alia*, deprivation of the right to intimate association and municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), as well as state law claims for negligent infliction of emotional distress and intentional infliction of emotional distress, among others.

---

[1] *See also Jon-Adrian Velazquez v. City of New York et al.*, 25 Civ. 10699 (LJL).

As the Court is aware, earlier this week, this case was marked as related to the matter of *Jon-Adrian Velazquez v. City of New York*, 25-CV-10699 (LJL) and transferred to Your Honor. (*See* Docket Entry dated 6/2/26). Prior to the transfer, however, on March 30, 2026, in this matter, the Honorable Loretta A. Preska granted the City's request for additional time, until June 5, 2026, for all defendants to respond to the Complaint. (*See* Docket Entry No. 33). In light Your Honor's Individual Practices in Civil Cases, and for the reasons set forth below, Defendants respectfully request the Court's endorsement of the proposed briefing schedule, with motion practice to commence on September 15, 2026.

The reason for the request to commence briefing on September 15, 2026 is based on numerous deadlines in other cases over the next three months as well as scheduled summer vacations/time out of the office for the attorneys handing the defense of this matter. To that end, the undersigned is currently scheduled to commence motion practice in the putative class action, *Levar Riley, et al. v. City of New York, et al.,* 25 CV 6616 (NCM) (VMS) (EDNY) on June 15, 2026, and is also in the midst of summary judgment motion practice in *Boscarello v. City of New York*, 21 CV 3437 (DG) (LKE) (EDNY), with briefing to conclude in these matters on August 6, 2026 and August 7, 2026, respectively. The undersigned is also scheduled to be out of the office during the entirety of the week of July 27, 2026 and then out of the country on a pre-scheduled vacation from August 11, 2026 through August 21, 2026.

Similarly, my colleague, Assistant Corporation Counsel Michael Futral, who is handling both *Velasquez* matters with me, also faces numerous work-related and personal scheduling conflicts in the coming months with briefing deadlines of June 17, 2026, June 18, 2026, and July 3, 2026 in the matters of *Dockery v. City of New York*, 25-CV-1490 (DG)(SDE) (E.D.N.Y.), *Gonzalez v. DOC,* 24 Civ. 3859 (JLR)(RWL) (S.D.N.Y.), and *Middleton v. City of New York*, 24 Civ. 8217 (ER) (S.D.N.Y.), respectively.[2] ACC Futral also has scheduled time out of the office for personal reasons and vacation from June 29, 2026 through July 1, 2026 and the entirety of the week of July 27, 2026.

Due to these conflicting deadlines and scheduled time away from the office, as well our obligations and deadlines in other assigned matters, the requested additional time is necessary to prepare Defendants' motion to dismiss in the instant case. As noted above, the undersigned conferred with Plaintiffs' counsel regarding the deadline for Defendants' initial moving papers, to which he consents, and Plaintiffs' counsel proposed the remaining deadlines, to which Defendants consent.

- Deadline for Defendants to serve and file their motion to dismiss: **September 15, 2026**;
- Deadline for Plaintiffs to serve and file their opposition: **November 16, 2026**
- Deadline for Defendant City to serve its reply: **December 16, 2026.**

---

[2] It is also anticipated that ACC Futral will have additional motion deadlines beginning on July 16, 2026 and August 6, 2026 in the matters of *Lizet v. Det. Griffith*, 25 CV 2200 (PKC)(TAM) (E.D.N.Y.) and *Greenidge v. McGuire*, 23 Civ. 9702 (KPF) (S.D.N.Y.).

Finally, Defendants are cognizant of the Court's Order directing the counsel for the parties to inform the court by joint letter no later than June 9, 2026 as to how this case should be managed alongside *Velazquez v. City*, 25 CV 10699 (S.D.N.Y.).  While Defendants can provide further information as to their position in a joint letter by June 9, 2026, in brief, Defendants are of the position that these two cases should follow distinct case management paths in light of Defendants' anticipated motion to dismiss in the instant matter.  Defendants have advised counsel that they intend to request a stay of discovery that is distinct to this matter while their motion is pending.

Accordingly, Defendants respectfully request the Court's endorsement of the above-identified briefing schedule for Defendants' motion to dismiss.  We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Alexandra Corsi*

Senior Counsel
Special Federal Litigation Division

cc:  All counsel by ECF

3